IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM T. MORRISON, JR.,

      Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED.

CASE NO. 1D13-5556

Opinion filed January 2, 2015.

An appeal from an order of the Circuit Court for Leon County.
Terry P. Lewis, Judge.

William T. Morrison, Jr., pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Shirley Wilson Durham, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant William T. Morrison, an inmate in the custody of the Florida

Department of Corrections (FDOC), seeks review of an order of the Leon County

Circuit Court which dismissed his petition for writ of mandamus as moot. We agree that the order of dismissal was premature, and we therefore reverse that order and remand this matter to the circuit court for further proceedings.

Morrison filed four sets of inmate grievances which complained that the FDOC was not processing his inmate mail appropriately. The first grievance claimed that mail that Morrison received from a reporter from the Kansas City Star was not treated as privileged pursuant to Florida Administrative Code Rule 33-210.103. The second grievance disputed the FDOC's processing of Morrison's mail from the Florida Bar and claimed that such mail was also privileged under the same rule. The third grievance complained that FDOC was not properly processing privileged mail from a news outlet called "Prison Legal News." The fourth and final set of grievances alleged that the FDOC was continually failing to treat correspondence from a private attorney, Lance T. Weber, as legal mail pursuant to Florida Administrative Code Rule 33-210.102.

The initial petition for writ of mandamus filed on March 18, 2010, sought review only of the denials of the grievances relating to the correspondence from the Kansas City Star and the Florida Bar. The appellant, however, moved to supplement the petition on October 6, 2011, to review the grievances relating to the correspondence from Prison Legal News, and that motion was granted via order of October 27, 2011. Prior to the lower tribunal entering a dispositive ruling on the

petition and supplemental petition, the petitioner filed a second motion to supplement on August 22, 2012, seeking to include the grievances regarding correspondence from Attorney Weber. No ruling was ever entered on that motion.

Attached to the August 22, 2012, motion to supplement, Morrison included administrative grievances which complained that his mail from Attorney Weber was not properly processed pursuant to Rule 33-210.102. He attached copies of the envelopes from Attorney Weber, which were clearly marked on their face "SPECIAL MAIL – LEGAL MAIL," "TO BE OPENED ONLY IN PRESENCE OF ADDRESSEE," and "CONFIDENTIAL ATTORNEY-CLIENT WORK PRODUCT." The envelope bears a handwritten note, appearing to be from FDOC staff, which reads "We called these people & let them know this is NOT considered legal mail – only info & questionair [sic] material." Morrison also attached an affidavit filed by Attorney Weber, which asserted that the letter in question was an "investigatory letter" concerning an active case for which Mr. Morrison is a potential witness. The petitioner also attached copies of his grievances and denials relating to the processing of this mail.

Via order of October 21, 2013, the circuit court dismissed the petition for writ of mandamus as moot, without first ruling on the August 22, 2012, motion to supplement. In the order of dismissal, the court noted that the FDOC had argued in its response that Florida Administrative Code Rule 33-210.103 had "been clarified

to include mail to and from the Florida Bar and news media, and that the grievance responses concerning the plaintiff's correspondence would be changed to reflect that." Upon that basis, the court concluded that the petition was moot. As an initial matter, we note that we are not persuaded that a party's promise to take some action in the future (here, the FDOC's representation that it would change the petitioner's grievances, having not yet done so) is sufficient to render a cause of action moot. That conclusion does not, however, form the primary basis for our decision.

In the instant appeal, Morrison raises several arguments which do not warrant further discussion. Among these, however, he argues that the petition for writ of mandamus was not moot because there was a pending motion to supplement the petition with additional claims (specifically, the claims regarding the processing of Morrison's correspondence from Attorney Weber) at the time of the dismissal. The FDOC argues, in relevant part, that the circuit court correctly dismissed the petition as moot, and notes that "[i]f the trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record." Dade County Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644 (Fla. 1999).

We agree with the appellant that the circuit court failed to complete its judicial labor by entering a ruling on the motion to supplement (for all practical purposes a motion to amend) the petition. Rule 1.190(a) provides:

> A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the first pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend at any time within 20 days after it is served. *Otherwise, a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires.* A party shall plead in response to an amended pleading within ten days after service of the amended pleading, unless the court orders otherwise.

Fla. R. Civ. P. 1.190(a) (emphasis added). Here, this was a subsequent motion to amend, and the decision to grant or deny that motion was within the discretion of the circuit court. Id. However, the circuit court did not enter *any* ruling on the motion.

We cannot conclude that the failure to rule on the petitioner's motion to supplement the petition with the claims regarding the processing of his legal mail is subject to the "tipsy coachman" doctrine set forth in Dade County Sch. Bd. v. Radio Station WQBA, 731 So. 2d at 644. Under Rule 33-210.102, "legal mail" is defined as "mail to and from various entities," including "(b) state attorneys, (c)

5

*private attorneys*, (d) public defenders, [and] (e) legal aid organizations." See Fla. Admin. Code R. 33-210.102 (emphasis added). Rule 33-210.102(8)(d) requires that legal mail be processed the same way as privileged mail: opened in the presence of the inmate to determine that the mail is legal mail and contains no unauthorized items. See Fla. Admin. Code R. 33-210.102(8)(d). During this process, only the letterhead and signature are to be read. See id. Here, the record shows that the FDOC opened and read letters from a private attorney to the appellant outside his presence and in all respects treated that correspondence as routine mail. As to the inclusion of a "questionnaire" with the correspondence, questionnaires – especially involving potential or pending litigation – are not included anywhere in the list of prohibited items found in Rule 33-210.102.[1]

---

[1] That rule provides that "[i]nmates shall be permitted to receive only legal documents, legal correspondence, written materials of a legal nature (other than publications), and self-addressed stamped envelopes through legal mail." Fla. Admin. Code R. 33-210.102(6). Items not permissible for inclusion in legal mail but permissible for inclusion in routine mail include "1. Greeting cards, blank greeting cards, stationery or other blank paper or envelopes; 2. Articles or clippings or other written materials of a non-legal nature; 3. Photographs, unless related to the inmate's legal case . . . [and] 4. U.S. postage stamps, the value of which cannot exceed the equivalent of 20 (1 oz.) first class stamps." Fla. Admin. Code R. 33-210.102(6)(a)(1-4). Furthermore, Rule 33-210.102 goes on to provide that items which are prohibited from routine mail are also prohibited from privileged mail, including "1. Non-paper items; 2. Items of a non-communicative nature such as lottery tickets or matchbooks; 3. Stickers or stamps (other than postage stamps, postal service attachments, and address labels affixed to outside of

In view of the foregoing, we conclude that it was error for the trial court to fail to rule on the appellant's motion to supplement the petition, and we cannot conclude, without more, that the error was harmless. We therefore REVERSE the circuit court's order denying Morrison's petition as moot, and we REMAND for further proceedings.

LEWIS, C.J. and VAN NORTWICK, J., CONCUR; ROWE, J., CONCURS in result.

---

envelope); 4. Address labels (other than those affixed to the outside of the envelope); 5. Laminated cards or other laminated materials." Fla. Admin. Code R. 33-210.102(6)(b)(1-5).